UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-7089-CIV-LENARD-TORRES

BETH FORRY,

 Plaintiff,

vs.

FEDERATED FINANCIAL SERVICES, INC.,

 Defendant.
_____/

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

 Plaintiff,

and

SARAH HOFFMAN, TAREN BUSICK, LYNDA FLEEK, AND BRANDY WILCOX,

 Plaintiff-Intervenors,

v.

FEDERATED FINANCIAL SERVICES, INC.,

 Defendant.
_____/

### REPORT AND RECOMMENDATION ON EEOC'S MOTION TO ENFORCE COURT-ORDERED CONSENT DECREE

This matter is before the Court upon Plaintiff United States Equal Employment Opportunity Commission's ("EEOC") Motion to Enforce Court-Ordered Consent Decree and for Order to Show Cause Why Defendant Should Not Be Held in Contempt [D.E.

269] and Defendant Federated Financial Services, Inc.'s ("Defendant") Motion for Modification of Consent Decree [D.E. 275]. The EEOC argued that Defendant had failed to satisfy various provisions of the consent decree entered in this case in 2004, while Defendant argued for a modification of that decree in light of changed financial circumstances. Given the evidence that was before us at the time, we deferred ruling on the substance of the motions so that the EEOC could conduct limited discovery on issues relevant to the motions, notably Defendant's financial condition and its compliance with the anti-discrimination provisions of the decree. [D.E. 292]. Following completion of the court-ordered discovery, the EEOC supplemented its motion [D.E. 306, filed under seal] and Defendant responded thereto [D.E. 312, not filed under seal].[1]

---

[1] The EEOC's supplement, titled "Plaintiff EEOC's Supplement to EEOC's Motion to Enforce Court-Ordered Consent Decree, Supplemental Response to Defendant's Motion for Modification of Consent Decree, and Incorporated Motion for Three Month Extension of Consent Decree," was filed under seal and docketed as D.E. 306. The EEOC's corresponding "Motion for Permission to File Under Seal" was likewise filed under seal and docketed as D.E. 305. Both documents are denoted in the court docket simply as "Sealed Document." Defendant was served with a copy of the supplement and filed its response in the normal fashion (i.e., not under seal), but Plaintiffs-Intervenors were left to guess which arguments the EEOC was putting forth, and what relief it was requesting, in the sealing filings. [D.E. 318 at 3]. Although the Court's general policy is that documents should be publicly-filed, in this case the EEOC's argument in its supplemental filing was interwoven with specific information about Defendant's financial condition, information that is the subject of a Confidentiality Order [D.E. 299]. Accordingly, we will grant the EEOC's motion to file its supplement under seal by separate Order. However, the sealed designation on the motion requesting permission to file the supplement under seal [D.E. 305] should be removed.

## *I.   ANALYSIS*

First and foremost, there is no dispute that Defendant has failed to comply with its financial obligations under the consent decree.  Defendant's response to the EEOC's supplemental brief did not address the concerns raised by the EEOC about Defendant's true financial condition, nor did it provide any support for its contention that its financial condition truly had deteriorated to the point that it could not meet its financial obligations under the decree.  Rather, Defendant focused generally on its alleged inability to pay the full balance owed:  "[F]rom the beginning of this contempt issue . . ., the Defendant openly admitted during settlement negotiations that it would need some type of alternative payment plan because there was no way it could make such substantial payments, or simply cut a check for over $100,000 as the EEOC requested."  [D.E. 312 at 2].

Based on our review of the EEOC's supplemental filing, including the deposition testimony of Defendant's corporate representative, the financial documents that Defendant produced to the EEOC, and other relevant materials, and Defendant's response thereto, we find that Defendant has failed to demonstrate a significant change in its financial circumstances such that a revision of the consent decree is warranted.

As for the anti-discrimination provisions of the consent decree, Defendant stated that it had provided documentation which satisfied those provisions.  [D.E. 312 at 2 n.1].  The EEOC could have but did not file a reply brief disputing this assertion.  We take the EEOC's silence on this issue as acquiescence that Defendant has satisfied the

anti-discrimination requirements of the decree. We find this particular issue is now moot.

At this point in the proceedings, it is appropriate to reduce the amount owed to Plaintiffs-Intervenors to a final judgment in their favor so that they may begin collection proceedings. Indeed, Plaintiffs-Intervenors have recently moved for this exact relief. [D.E. 321]. However, the record is not clear as to the amount owed. The EEOC in its supplemental filing states that Defendant failed to pay $111,525 plus interest. [D.E. 306 at 2]. The Plaintiffs-Intervenors seek entry of a final judgment in the amount of $137,377, plus interest accruing at the statutory rate from February 21, 2005, the date Defendant first defaulted on its payments to them under the consent decree. [D.E. 321 at 6-7]. We order the EEOC and Plaintiffs-Intervenors to jointly file a notice advising the Court of the amount of the judgment, within fifteen (15) days from the date of this Report and Recommendation. If Defendant disagrees, it may respond within seven (7) days thereafter. Once this information is before the Court, Judge Lenard may then enter a Final Judgment in Plaintiffs-Intervenors' favor.

Finally, in its supplemental filing of February 28, 2008, the EEOC moved the Court for a three (3) month extension of the consent decree to allow time for resolution of the pending motions. The decree otherwise would have expired on February 29, 2008. [D.E. 306 at 11; *see* D.E. 297 (Judge Lenard's Order extending the consent decree to February 29, 2008)]. We recommend that the motion be granted in part and that the Court's jurisdiction be extended over the consent decree for an additional sixty

(60) days, to allow time for the submission contemplated above and the entry of a final judgment in Plaintiffs-Intervenors' favor.

## II.   CONCLUSION

Based on the foregoing, we hereby **RECOMMEND** that

1. Plaintiff United States Equal Employment Opportunity Commission's Motion to Enforce Court-Ordered Consent Decree and for Order to Show Cause Why Defendant Should Not Be Held in Contempt [**D.E. 269**] be **GRANTED**.

2. Defendant's Federated Financial Services, Inc.'s Motion for Modification of Consent Decree [**D.E. 275**] be **DENIED**.

3. Plaintiff United States Equal Employment Opportunity Commission's Motion for Three Month Extension of Consent Decree [**D.E. 306**] be **GRANTED in part** and the consent decree be extended an additional sixty (60) days.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this <u>6th</u> day of October, 2009.

    <u>/s/ *Edwin G. Torres*</u>
EDWIN G. TORRES
United States Magistrate Judge