## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 01-7089-CIV-LENARD-TORRES

BETH FORRY,

      Plaintiff,

vs.

FEDERATED FINANCIAL SERVICES, INC.,

      Defendant.

_____/

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

and

SARAH HOFFMAN, TAREN BUSICK, LYNDA
FLEEK, AND BRANDY WILCOX,

      Plaintiff-Intervenors,

v.

FEDERATED FINANCIAL SERVICES, INC.,

      Defendant.

_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This matter is before the Court upon a referral by the Honorable Joan A. Lenard of two motions filed by Plaintiff-Intervenors Sarah Hoffman, Taren Busick, Lynda Fleek, and Brandy Wilcox [D.E. 333]:  (1) Motion for Entry of Final Order and Judgment [D.E. 328] and (2) Motion to Strike [D.E. 331].  These motions followed our

issuance on October 6, 2009 of a Report and Recommendation ("R&R") on Plaintiff United States Equal Employment Opportunity Commission's ("EEOC") Motion to Enforce Court-Ordered Consent Decree. [D.E. 324].

### A. *Motion for Entry of Final Order and Judgment*

1.     In our R&R, we determined that Defendant Federated Financial Services, Inc. had failed to comply with its financial obligations under the consent decree entered in this case on August 5, 2004 (and filed at D.E. 266). [D.E. 324 at 3]. We also found that Defendant had failed to demonstrate a significant change in its financial circumstances such that revision of the consent decree was warranted. [*Id.*]. Finally, we concluded that Defendant had satisfied the anti-discrimination provisions of the consent decree; therefore that part of the motion seeking to compel compliance with those provisions was moot. [*Id.* at 3-4]. Based on these findings, we recommended that the EEOC's Motion to Enforce Court-Ordered Consent Decree and for Order to Show Cause Why Defendant Should Not be Held in Contempt [D.E. 269] be granted. At the same time, we recommended that Defendant's Motion for Modification of the Consent Decree [D.E. 275] be denied. [D.E. 324 at 5].

2.     We deemed it appropriate at that point in the proceedings to reduce the amount owed by Defendant to Plaintiff-Intervenors to a final judgment in their favor so they could begin collection proceedings. [*Id.* at 4]. We were unable to determine the correct amount owed so we ordered the EEOC and Plaintiff-Intervenors to file that information with the Court. [*Id.*]. We contemplated that once this information was

provided to the Court, Judge Lenard could then enter a Final Judgment in Plaintiff-Intervenors' favor.  [*Id*.].

3.     The EEOC and Plaintiff-Intervenors timely filed a notice advising that the correct amount of the judgment to be entered against Defendant was $111,525.00, plus interest accruing at the statutory rate from February 21, 2005, the date Defendant first defaulted on payments pursuant to the consent decree, in accordance with Paragraph 26 of the consent decree.  [D.E. 327 at 3 ¶¶ 7, 11].

4.     The EEOC and Plaintiff-Intervenors also requested in their Joint Notice additional relief not discussed in our R&R but consistent with the relief the EEOC had sought in its motion to enforce the consent decree. [*Id*. at 3; *see* D.E. 269 (EEOC's Motion) at 5-6[1]].  The additional relief identified in the Joint Notice included payment

---

[1]     Based on the EEOC's contention that Defendant had made less than half of the payments required under the consent decree and further, that Defendant had failed to provide the EEOC with notice that it had satisfied the consent decree's anti-discrimination provisions, the EEOC specifically requested that the Court:

a.     Issue an Order to Show Cause directing Defendant to appear before this Court to show cause why it should not be held in contempt of this Court for violating the Consent Decree[];
b.     Order the Defendant to comply fully with the Consent Decree;
c.     Order the Defendant to pay interest on the required payments in accordance with Paragraph #26 of the Consent Decree [];
d.     Order the Defendant to pay the EEOC's costs incurred as a direct result of Defendant's non-compliance in accordance with Paragraph #26 of the Consent Decree [];
e.     Find Defendant in contempt for its violating the Consent Decree; and
f.     Order all penalties assessed against the Defendant which this Court deems appropriate with its contempt power.

[D.E. 269 at 5-6, 8].

by Defendant of the EEOC's costs incurred as a result of Defendant's non-compliance with the consent decree; ordering Defendant to appear before the Court to show cause why it should not be held in contempt for violating the consent decree; finding Defendant in contempt for violating the consent decree; requiring Defendant to comply with the consent decree; and assessing penalties against Defendant based on the contempt.  [D.E. 327 at 3 ¶¶ 5-6, 8-10].

5.     After the Joint Notice was filed, Defendant filed a "Response" to the R&R, acknowledging that the amount it owed was $111,525, but objecting to the entry of any other relief sought by the opposing parties.  [D.E. 330 at 2].

6.     Plaintiff-Intervenors thereafter filed, within ten (10) days of the date our R&R was issued, a motion seeking the entry of a final order and judgment. [D.E. 328]. That is one of the motions now before us.  Plaintiff-Intervenors state they do not object to the R&R but filed their motion to ensure that the final judgment entered in this case includes "the particular relief sought by EEOC and Intervenors, in particular an award of a monetary judgment in Intervenors' favor against [Defendant], but equally, if not more important, is an order compelling payment of the amount owed, along with a finding of contempt against Federated for violation of this Court's Consent Decree, purgable solely by payment of the amounts due and owing."  [*Id.* at 8].

7.     As previously stated, Defendant acknowledged the amount owed but objected to the entry of any other relief.  [D.E. 330 at 2].

8.     Paragraph 26 of the consent decree provides:

If [Defendant] fails to tender the above-mentioned payments as set forth above [in the consent decree], [Defendant] shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by Defendant's non-compliance.

[D.E. 266 at 8-9 ¶ 26].

9.     Pursuant to the unambiguous terms of the consent decree, specifically Paragraph 26, Defendant must pay interest on the defaulted amount ($111,525.00). The request for interest accruing at the statutory rate from February 21, 2005, the date Defendant first defaulted on its payments to Plaintiff-Intervenors, is appropriate and should be granted.

10.     Pursuant to the unambiguous terms of the consent decree, specifically Paragraph 26, Defendant must pay the costs that the EEOC incurred as a direct result of Defendant's non-compliance with the consent decree.  The request for payment of the EEOC's costs is appropriate and should be granted.

11.     We reach a different conclusion with regard to the contempt request. The only issue remaining at this point is Defendant's failure to satisfy the financial provisions of the consent decree which required that Defendant make monetary payments to Plaintiff-Intervenors. [*Id.* at 7-8 ¶¶ 22-25].  Defendant admits it owes them a sum of $111,525.00.  There is thus no dispute that Defendant has not complied with and is in default of its financial obligations under the consent decree.  Moreover, we have already found that the anti-discrimination provisions of the consent decree are no longer at issue, a finding to which no party objected.

The issue before us now is not an equitable one mandated by the consent decree, such that the Court's contempt powers could be used to enforce the terms of that decree.  *Cf. Americans with Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1321 (11th Cir. 2002).  Instead we are concerned with an award of money, and the failure to pay it.  Because the issue now involves purely a monetary payment, a finding of contempt is an inappropriate remedy.  *See, e.g., Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980 (11th Cir. 1986) ("It is equally clear that when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt."); *In re Smith*, Bankr. No. 04-01851, 2007 WL 2429450, at *1 (Bankr. D.C. Aug. 23, 2007) ("A court's contempt powers are not ordinarily used in the enforcement of a monetary judgment."; determining that contempt sanctions were inappropriate where the defendant had failed to pay $500 previously ordered as a compensatory fine for discovery violations, and instead issuing a final judgment in that amount plus interest).  Absent express language to the contrary in the consent decree, Defendant's financial obligations should be enforced through traditional contractual remedies for breach of the decree:  entry of judgment for the amount owed plus interest and the EEOC's costs, as set forth above.

12.     Based on the foregoing, we recommend that Plaintiff-Intervenor's motion for entry of final order and judgment be Granted in part and Denied in part and that Judge Lenard:

a.      adopt our October 6, 2009 Report and Recommendation on EEOC's Motion to Enforce Court-Ordered Consent Decree [D.E. 324] which recommended that:

i.      EEOC's Motion to Enforce Court-Ordered Consent Decree [D.E. 269] be GRANTED in Part as supplemented herein;

ii.      Defendant's Motion for Modification of Consent Decree [D.E. 275] be DENIED; and

iii.      EEOC's Motion for Three-Month Extension of Consent Decree [D.E. 306] be GRANTED in part and the consent decree be extended an additional sixty (60) days;

b.      enter a Final Judgment in Plaintiff-Intervenors' favor and against Defendant for damages in the amount of $111,525.00 plus interest accruing at the statutory rate from February 21, 2005, the date Defendant first defaulted on its payments to Plaintiff-Intervenors under the consent decree;

c.      issue a Writ of Execution on the Final Judgment;

d.      enter an Order compelling Defendant to pay the EEOC's costs incurred as a direct result of Defendant's non-compliance; and

e.      deny the request to find Defendant in civil contempt.

### B.      Motion to Strike

13.      Plaintiff-Intervenors filed a second motion that is also before us.  It is a motion to strike Defendant's Response to our R&R.  [D.E. 331].  In the Response, Defendant acknowledged that it owed $111,525 but objected to the imposition of any other relief.  [D.E. 330].  Plaintiff-Intervenors argue that the Response was untimely and further point out that it cites no basis for denying interest on the amount that is admittedly due and owing.  Based on our discussion above, we deny the motion to strike.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 25th day of January, 2010.

      /s/ *Edwin  G.  Torres*
EDWIN G. TORRES
United States Magistrate Judge